IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE BELLO AMIGO, | : | |
| Petitioner, | : | 1:17-cv-1104 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DENNIS BOWEN, INTERIM | : | |
| WARDEN, YORK COUNTY | : | |
| CORRECTIONAL FACILITY, | : | |
| Respondent. | : | |

# **MEMORANDUM**

# **July 12, 2017**

Jose Bello Amigo ("Amigo"), presently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on June 22, 2017. (Doc. 1). Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R. 4[1], and, for the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

---

[1] **Error! Main Document Only.** Rule 4 provides that "[i]f it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *See* R. GOVERNING § 2254 CASES R.1(b).

## I. BACKGROUND

Amigo is a Cuban National who entered the United States on April 1, 2008, at Miami, Florida. (Doc. 1, p. 7). He indicates that he was taken into ICE custody on or about December 23, 2016 and was ordered removed on January 26, 2017. (*Id.*) He files the instant petition challenging his continued "indefinite detention" without an "adequate hearing." (*Id.* at 6).

## II. DISCUSSION

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention

to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id.* at 701.

Following *Zadvydas*, regulations were promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably

3

foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In the matter *sub judice*, jurisdiction to make a determination concerning his custody would now lie with the HQPDU and there is no indication that Amigo submitted a written request for release asserting the basis for his belief that his detention is indefinite and there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). Consequently, ICE will be ordered to treat this petition as a request for release under 8 C.F.R. §241.13.

The Court will enter an appropriate Order